UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SHELTON BROCK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:09-CV-344 |
| UNITED STATES STEEL CORP. | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OF DECISION AND ORDER

Before the court is Defendant, United States Steel Corp.'s ("U.S. Steel's"), Motion to Dismiss State Law Claims, filed on November 3, 2009. After receiving no response from the plaintiff to the Motion, the Court entered an Order directing the Plaintiff to respond no later than January 20, 2010 or the Court would proceed to rule without the benefit of a response. That time has now expired without response from the Plaintiff and for the following reasons U.S. Steel's Motion to Dismiss will be DENIED.

## APPLICABLE STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Williams v. Seniff,* 342 F.3d 774, 781 (7th Cir. 2003). The court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." *Cole v. U.S. Capital, Inc.,* 389 F.3d 719, 724 (7th Cir.2004) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40

L.Ed.2d 90 (1974)).

The Supreme Court clarified the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly,* 127 S.Ct. 1955 (2007). That case abrogated the rule established in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, *Bell Atlantic,* 127 S.Ct. at 1965, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." *Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir.2008).

It is not necessary, however, for a complaint to allege specific facts that conclusively establish aright to relief. *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atl.,* 127 S.Ct. at 1964). A complaint is adequately pled as long as it includes facts sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal citations omitted). "Once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bell Atlantic Corp.,* 127 S.Ct. at 1969 (quoting *Sanjuan v. American. Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1994).

**FACTUAL ALLEGATIONS**

Brock is a black male who was employed by U. S. Steel in Gary, Indiana. (Complaint at ¶¶ 2, 4). As a condition of his employment, Brock was required to submit to random drug testing. (Id. at ¶ 9). On July 1, 2008, Brock returned to U. S. Steel after being terminated and was required to

2

submit to a random drug test. (Id. at ¶ 10). Brock alleges that he complied and passed the test, but was terminated for failing to maintain 1 ½ inches of hair on his head as a testing sample. (Id. at ¶¶ 10, 12). Brock alleges further that U. S. Steel's testing procedures allow hair samples to be obtained from other parts of an employee's body rather than the head. (Id. at ¶ 12).

On September 10, 2009, Brock filed a Complaint against U. S. Steel in the Porter Superior Court, Valparaiso, Indiana. U. S. Steel subsequently removed the case to this Court because the Complaint raised a federal claim under Title VII. The Complaint also contains the following state law claims: Count II - Defamation Per Se; Count III – Intentional Infliction of Emotional Distress. In support of Count II, Brock alleges that U. S. Steel's unnamed management employees told other employees that he "failed a drug screen, which is untrue." (Id. at ¶ 17). Although Brock does not specify where or to whom this statement was made, he contends that the statement constitutes defamation per se because it implicates misconduct in the performance of his trade or profession. (Id. ¶ 18). In Count III, Brock simply incorporates the previous paragraphs by reference and alleges that he suffered loss of employment, loss of fringe benefits, and severe emotional distress. (Id. at ¶¶ 20-21).

U. S. Steel removed the case to this Court on October 15, 2009 and filed the present motion to dismiss Brock's state law claims.

## DISCUSSION

A defamation claim is based on state law; however, federal pleading requirements are applicable when the claim is brought in federal court. *See Muick v. Glenayre Elecs.,* 280 F.3d 741, 743 (7th Cir.2002). Rule 8(a) states that a complaint filed in federal court shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A

3

plaintiff need not spell out every element, but must merely provide notice of the claim to the defendant. *McCormick v. City of Chicago,* 230 F.3d 319, 323-24 (7th Cir.2000). Fed.R.Civ.P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. Additionally, it is well settled that a defamation claim is not subject to Rule 9(b)'s heightened pleading requirements. *Cain v. Elgin, Joliet & Eastern Ry. Co.* 2005 WL 1172722, 2 (N.D.Ind.,2005)

In its motion, U.S. Steel contends that the allegations relating to the defamation and intentional infliction of emotional distress claims are insufficient under the notice pleading rules above to state a claim for relief under Indiana law. Specifically, with respect to the defamation claim, U.S. Steel asserts that Plaintiff has failed to identify with specificity who made the statement, who heard the statement alleged to be defamatory and the circumstances surrounding the defamatory statements.

"The law of defamation was created to protect individuals from reputational attacks." *Hamilton v. Prewett,* 860 N.E.2d 1234, 1243 (Ind.Ct.App.2007). "A defamatory communication is one that tends to harm a person's reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person." *Kelley v. Tanoos,* 865 N.E.2d 593, 596 (Ind.2007) (citation, quotation marks, and brackets omitted). To prevail on a defamation claim, a plaintiff must prove four elements: "(1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages." *Hamilton,* 860 N.E.2d at 1243. "Any statement actionable

4

for defamation must not only be defamatory in nature, but [also] false." *Trail v. Boys & Girls Clubs of Nw. Ind.,* 845 N.E.2d 130, 136 (Ind.2006). Where, as here, the Plaintiff alleges defamation per se the communications must also impute 1) criminal conduct; 2) a loathsome disease; 3) misconduct in a person's trade, profession, office, or occupation; or 4) [ ] sexual misconduct to the plaintiff." *Trail,* 845 N.E.2d at 137 (citation and quotation marks omitted).

Brock's complaint sets out the following facts: (1) management employees told other employees that he failed a drug screen; (2) that statement is false; and (3) the statement caused damage to his reputation as they implicate misconduct in his occupation. There is considerable variation within the district courts in the Seventh Circuit as to the level of pleading specificity warranted to survive a motion to dismiss a claim of defamation. Indeed, in *Cain*, Judge Lozano, laid out the various views taken by the courts within the Seventh Circuit and noted that "the trend is to deny a motion to dismiss even though the complaint does not state in detail the context in which the defamatory statements were made." Cain, 2005 WL 1172722, at *3 (citing, *e.g., Emery v. Northeast Illinois Reg'l Commuter R.R. Corp.*, No. 02 C 9303, 2003 WL 22176077, at *8 (N.D.Ill. Sept.18, 2003) ("Courts recognize that plaintiffs may not be able to state precisely which defendant made which statement, or to whom, without the benefit of discovery.")). Rather, the appropriate remedy in such an instance is to file a motion for a more definite statement. *See* Cain at *7-8.

Moreover, the Seventh Circuit has repeatedly chastised district courts for granting motions to dismiss where the alleged deficiencies in a complaint's allegations can be cured by a Motion for a More Definite Statement. In *Vincent v. City Colleges of Chicago,* 485 F.3d 919, 924 (7th Cir., 2007), Judge Easterbrook explained:

> Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed.R.Civ.P. 9(b)." *Kolupa*

5

> *v. Roselle Park District,* 438 F.3d 713, 715 (7th Cir.2006). Civil Rule 8 calls for a short and plain statement; the plaintiff pleads claims, not facts or legal theories. See *Bartholet v. Reishauer A.G. (Zürich),* 953 F.2d 1073, 1077-78 (7th Cir.1992). Factual detail comes later-perhaps in response to a motion for a more definite statement, see Fed.R.Civ.P. 12(e), perhaps in response to a motion for summary judgment. Until then, the possibility that facts to be adduced later, and consistent with the complaint, could prove the claim, is enough for the litigation to move forward. See *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

*Vincent*, 485 F.3d at 923.

Here, simply stated, the notice pleading standards of the Federal Rules are met. U.S. Steel has sufficient notice of the substance of the defamation claim and the relief sought and that is all that is required of Brock at this stage. If U.S. Steel seeks more detailed allegations, the proper vehicle to do so is through a motion for a more definite statement or through the discovery process. Accordingly, U.S. Steel's Motion to Dismiss the defamation claim is DENIED.

The same result extends to Brock's claim for intentional infliction of emotional distress. As U.S. Steel notes, to sustain a claim of intentional infliction of emotional distress, the plaintiff must establish that extreme and outrageous conduct intentionally or recklessly caused severe emotional distress. *Powdertech v. Joganic,* 776 N.E.2d 1251, 1264 (Ind.Ct. App. 2002). But, this is what Brock must ultimately prove to win his case; it is not what he must plead in his complaint. All he must do is put U.S. Steel on notice and that he has done. While the complaint does not specify detailed allegations of the intent to cause harm or the circumstances under which the harm was caused, there is no requirement that he do so at the pleading stage. The complaint states that as a result of the alleged misconduct of U.S. Steel, he has been subjected to severe emotional distress. Accordingly, U.S. Steel's Motion to Dismiss Brock's claim of intentional infliction of emotional distress is DENIED.

## CONCLUSION

District judges have been admonished to refrain from requiring plaintiffs to plead more than Fed. R.Civ.P. 8(a) requires. Indeed, the Seventh Circuit has warned: "any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain ...' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith,* 429 F.3d 706, 708 (7th Cir.2005) (emphasis in original). In this case, Brock has complied with Fed.R.Civ.P. 8(a) by providing notice of the legal claims upon which he is suing. For this reason, U.S. Steel's Motion to DISMISS is DENIED.

Entered: This 27th day of January, 2010

s/ William C. Lee  
United States District Judge